# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MARK A. STARKEY, | ) |
| Petitioner, | ) |
| v. | ) No. 4:15-CV-728-RWS |
| HEATH SPACKLER, | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This closed habeas corpus matter is before the Court on petitioner's "First Amended Motion to Vacate and Reopen Then Invoke Integrity Correct a Miscarriage of Justice."[1] In his motion, petitioner argues his judgment of conviction should be set aside under Rule 60(b) of the Federal Rules of Civil Procedure. Having reviewed the motion and the relevant case law, the Court has concluded that petitioner is not entitled to relief.

### Background

In 2011, following a jury trial in St. Louis County, petitioner was convicted on four counts of aggravated stalking in violation of Missouri Revised Statute § 565.225 and sentenced to four year's imprisonment on each count. *See State v. Starkey*, 380 S.W.3d 636, 638-41 (Mo. Ct. App. 2012). Petitioner sought state and federal habeas relief after the conviction. Petitioner's federal habeas petition was denied on May 11, 2015. On August 4, 2015, the United States Court of

---

[1] On January 13, 2020, petitioner filed a "Motion to Vacate and Reopen Then Invoke Integrity Correct a Miscarriage of Justice," which was docketed at docket number 14. On January 31, 2020, he filed the instant "First Amended Motion to Vacate and Reopen Then Invoke Integrity Correct a Miscarriage of Justice," which was docketed at docket number 15. The Court construes the amended motion as replacing the previously filed motion, and will deny the previously filed motion as moot.

Appeals for the Eighth Circuit reviewed the file, denied petitioner's application for a certificate of appealability, and dismissed the appeal.

On January 31, 2020, petitioner filed his "First Amended Motion to Vacate and Reopen Then Invoke Integrity Correct a Miscarriage of Justice," in which he challenges the constitutionality of Missouri's criminal stalking statute. He argues that his communications were protected speech under the First Amendment, and therefore could not be the basis of a criminal stalking charge. He also alleges "a defect in the integrity of the [federal habeas] proceedings," and states his Rule 60(b) motion cannot be considered "a barred second or successive petition."

## Discussion

The Eighth Circuit has directed that where a prisoner files a Rule 60(b) motion following the dismissal of a habeas petition, the district court should file the motion and then conduct a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under 28 U.S.C. § 2254. *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002). If the district court determines the Rule 60(b) is actually a second or successive habeas petition, it should dismiss the motion for failure to obtain authorization from the Court of Appeals or, in its discretion, transfer the purported Rule 60(b) motion to the Court of Appeals. *Id.*

"A Rule 60(b) motion is a second or successive habeas corpus application if it contains a claim. For the purpose of determining whether the motion is a habeas corpus application, claim is defined as an 'asserted federal basis for relief from a state court's judgment of conviction' or as an attack on the 'federal court's previous resolution of the claim *on the merits*.'" *Ward v. Norris*, 577 F.3d 925, 933 (8th Cir. 2009) (emphasis in original) (quoting *Gonzalez v. Crosby*, 545 U.S. 524 at 530, 532 (2005)). "On the merits refers to a determination that there exist or do not exist

grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d). When a Rule 60(b) motion presents a claim, it must be treated as a second or successive habeas petition under AEDPA." *Id.* (internal citations omitted).

Plaintiff's motion argues that the Missouri criminal stalking statute is unconstitutional because it "criminalized communications and impermissibly infringed upon the defendant's constitutional guarantees of free speech." Am. Mot. at 3. He asserts a federal basis for relief from the Missouri state court's judgment of conviction, which must be treated as a second or successive habeas petition under the AEDPA. *See Ward*, 577 F.3d at 933. To the extent that petitioner seeks to relitigate claims that he brought in his original petition, those claims must be denied pursuant to 28 U.S.C. § 2244(b)(1). To the extent that petitioner seeks to bring new claims for habeas relief, petitioner must obtain leave from the United States Court of Appeals for the Eighth Circuit before he can bring those claims in this Court. 28 U.S.C. § 2244(b)(3)(A). Petitioner has not been granted leave to file a successive habeas petition in this Court. As a result, plaintiff's "First Amended Motion to Vacate and Reopen then Invoke Integrity Correct a Miscarriage of Justice," which the Court construes as a motion for relief from judgment under Rule 60(b) shall be denied.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's "First Amended Motion to Vacate and Reopen then Invoke Integrity Correct a Miscarriage of Justice," which the Court construes as a motion for relief from judgment under Rule 60(b) is **DENIED**. [ECF No. 15]

**IT IS FURTHER ORDERED** that petitioner's "Motion to Vacate and Reopen then Invoke Integrity Correct a Miscarriage of Justice" is **DENIED as moot**.   [ECF No. 14]

Dated this 18th day of June, 2020.

                                              RODNEY W. SIPPEL
                                              UNITED STATES DISTRICT JUDGE